## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| OKPARA EBODUMA ZAIMAH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 11-CV-127-GKF-PJC |
| | ) | |
| MIKE MULLIN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action.  Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 9). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 13) to the motion to dismiss. Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions).  For the reasons discussed below, the Court finds that the petition was not timely filed. Therefore, Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

## *BACKGROUND*

Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-2004-411. See Dkt. #1. The docket sheet for that case reflects that on November 29, 2005, the state district court found Petitioner guilty after accepting his plea of guilty to Lewd Molestation. See Dkt. # 10, Ex. 1. On that date, Petitioner was sentenced to seven (7) years suspended. Id. Petitioner did not file a motion to withdraw plea and did not otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals ("OCCA").  See id.

On October 8, 2008, Petitioner's suspended sentence was revoked and he was sentenced to four (4) years imprisonment.  Id.  Petitioner did not appeal the revocation of his suspended sentence.

On October 24, 2008, Petitioner's attorney requested judicial review. Id. By Order filed December 6, 2008, the motion for judicial review was denied. Id. On September 4, 2009, Petitioner filed another motion for judicial review. Id. That second motion was denied by order filed September 25, 2009. Id. Petitioner filed a third motion for judicial review on February 24, 2010. Id. The third motion was denied on March 19, 2010. Id. On March 30, 2010, Petitioner filed a motion to set judicial review hearing. Id. That motion was denied on March 30, 2010. Id.

On July 1, 2010, Petitioner filed an application for post-conviction relief. See Dkt. # 10, Ex. 1. The state district court denied the application by order filed August 13, 2010. Id. Petitioner appealed to the OCCA, and by order filed October 26, 2010, in Case No. PC-2010-0852, the OCCA affirmed the district court's denial of post-conviction relief. See Dkt. # 10, Ex. 2.

On November 9, 2010, after the OCCA affirmed the denial of post conviction relief, Petitioner filed a "motion for suspended sentence" in the state district court. See Dkt. # 10, Ex. 1. That motion was denied by order filed November 29, 2010. Id. On February 8, 2011, Petitioner filed an application for hearing on modification of sentence. Id. That motion was denied on February 23, 2011. Id.

On February 23, 2011, Petitioner filed his petition for writ of habeas corpus in the United States District Court for the Eastern District of Oklahoma. See Dkt. # 1. Petitioner avers, under penalty of perjury, that he placed his petition in the prison mailing system on February 15, 2011. Thus, under the prisoner mailbox rule, the earliest file date for this petition is February 15, 2011. See Houston v. Lack, 487 U.S. 266 (1988). On February 28, 2011, the case was transferred to this Court. In his petition, Petitioner claims that his plea of guilty was not knowingly and voluntarily

2

entered because he was not advised that his sentence was subject to Oklahoma's 85% Rule.[1] Id. He

also claims that his attorney provided ineffective assistance in failing to advise him of the 85% Rule.

Respondent argues that consideration of Petitioner's claims is precluded by the one-year statute of

limitations provided at 28 U.S.C. § 2244(d).  See Dkt. #s 9, 10.

### ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996,

established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.  The
> limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the
>> conclusion of direct review or the expiration of the time for seeking
>> such review;
>> (B) the date on which the impediment to filing an application
>> created by State action in violation of the Constitution or laws of the
>> United States is removed, if the applicant was prevented from filing
>> by such State actions;
>> (C) the date on which the constitutional right asserted was
>> initially recognized by the Supreme Court, if the right has been newly
>> recognized by the Supreme Court and made retroactively applicable
>> to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or
>> claims presented could have been discovered through the exercise of
>> due diligence.
> (2) The time during which a properly filed application for State post-
> conviction or other collateral review with respect to the pertinent judgment or claim
> is pending shall not be counted toward any period of limitation under this subsection.

---

[1]Effective July 1, 1999, a person committing one of an enumerated list of felonies, see Okla.
Stat. tit. 21, § 13.1, on or after March 1, 2000, and convicted of the offense "shall serve not less than
eighty-five percent (85%) of the sentence of imprisonment imposed within the Department of
Corrections.  Such person shall not be eligible for parole consideration prior to serving eighty-five
percent (85%) of the sentence imposed and such person shall not be eligible for earned credits or
any other type of credits which have the effect of reducing the length of the sentence to less than
eighty-five percent (85%) of the sentence imposed."  Okla. Stat. tit. 21, § 12.1.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Petitioner's habeas claims challenge the validity of his plea of guilty, entered November 30, 2005. As a result, his one-year limitations period began to run, under 28 U.S.C. § 2244(d)(1)(A), when his conviction became final. Because Petitioner failed to file a motion to withdraw his plea of guilty in Case No. CF-2004-411, his conviction became final ten (10) days after pronouncement of his Judgment and Sentence, or on December 9, 2005. See Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his conviction, including the claims raised in the instant petition, began to run on December 10, 2005. Absent a tolling event, a federal petition for writ of habeas corpus filed after December 10, 2006, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did not seek any post-conviction or other collateral relief[2] during the

---

[2]The Court recognizes that in 2008, 2009, and 2010, after revocation of his suspended sentence, Petitioner filed several motions for judicial review. In unpublished opinions, panels of the Tenth Circuit Court of Appeals have determined that a motion for judicial review, as provided under

relevant period. Petitioner's application for post-conviction relief was not filed until July 1, 2010, or more than three and one half years after the December 10, 2006, deadline.  A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations.  See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001).  As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the limitations period.  Therefore, this action, commenced on February 15, 2011, at the earliest, appears to be untimely.

Respondent also addresses the possibility that Petitioner's one-year limitations period accrued under 28 U.S.C. § 2244(d)(1)(D) (providing that the one-year limitations period may begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence").  See Dkt. # 10. The focus of Petitioner's argument is that he did not know about Oklahoma's 85% Rule when he entered his guilty plea. Under § 2244(d)(1)(D), Petitioner's one-year limitations period began to run when he discovered,

_____

Oklahoma law, is not an "application for State  post-conviction or other collateral review" for purposes of tolling the limitations period under 28 U.S.C. § 2244 (d)(2).  See, e.g., Bohon v. Oklahoma, 313 Fed. Appx. 82, 84 n.1 (10th Cir. 2008) (unpublished); Nicholson v. Higgins, 147 Fed. Appx. 7, 8 n.2 (10th Cir. 2005) (unpublished) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)); see also Clemens v. Sutter, 230 Fed. Appx. 832, 834 n.1 (10th Cir. 2007) (unpublished). However, the United States Supreme Court recently held that a motion to reduce a state prisoner's sentence filed in accordance with Rhode Island law qualified as an application for "collateral review" and served to toll the one year limitations period. Wall v. Kholi, 131 S. Ct. 1278 (2011). To date, the Tenth Circuit has not addressed whether the Wall holding applies to a case involving a motion for judicial review filed pursuant to Oklahoma law. However, the Court need not determine whether Wall applies to a motion for judicial review filed under Oklahoma law because, in this case, even if Petitioner were credited with all of the time his motions for judicial review were pending (at most 88 days) and regardless of whether his one-year period accrued under § 2244(d)(1)(A) or § 2244(d)(1)(D), his habeas petition would still be untimely.

or could have discovered through the exercise of due diligence, the factual predicate of his claim, i.e., that his sentence was subject to the 85% Rule. The Oklahoma Department of Corrections ("DOC") Case Management policies require case managers to meet with new arrivals within ten working days of reception to review the offender's custody assessment and to complete an "Adjustment Review" form. See OP-060101, OP-060203, viewed at www.doc.state.ok.us. The form contains information concerning an inmate's sentence, including whether it falls under the 85% rule. See DOC 060203A. The record reflects that Petitioner met with case managers on October 31, 2008, upon his arrival at the Lawton Correctional Facility, and was told at that time that his sentence would be administered pursuant to the 85% Rule. See Dkt. # 10, Ex. 4. Thus, under § 2244(d)(1)(D), Petitioner's one year limitations period accrued, at the latest, on October 31, 2008, and he had from November 1, 2008, until November 1, 2009, to file a petition for writ of habeas corpus.

Even if Petitioner's one-year period accrued under the terms of § 2244(d)(1)(D), he would not be entitled to tolling under § 2244(d)(2) because he did not file his post-conviction application until July 1, 2010, or approximately eight (8) months beyond the deadline. As a result, the pendency of the post-conviction proceeding did not toll the limitations period. Fisher, 262 F.3d at 1142-43. Therefore, the federal habeas petition, filed February 15, 2011, is untimely even if the one-year limitations period accrued under § 2244(d)(1)(D).

In response to the motion to dismiss, Petitioner argues that his conviction was not "final" until March 30, 2010, "when the District Court of Tulsa County affirmed his conviction and denied judicial review." See Dkt. # 13.  The Court disagrees with Petitioner. Section 2244(d)(1)(A) provides that a judgment of conviction becomes final "by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(D). "In determining whether

a particular state procedure constitutes part of the "direct review" process for purposes of § 2244(d)(1)(A), a federal court must defer to underlying state court characterization of the procedure." <u>Orange v. Calbone</u>, 318 F.3d 1167, 1170 (10th Cir. 2003). Under Oklahoma law, a conviction becomes "final" after it is affirmed by the Oklahoma Court of Criminal Appeals on direct appeal, or when the defendant does not appeal within the time prescribed for direct appeal. <u>Pickens v. State</u>, 779 P.2d 596, 598 (Okla. Crim. App. 1989). For purposes of § 2244(d)(1)(A), "direct review" also includes the 90 day time period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. <u>Locke v. Saffle</u>, 237 F.3d 1269, 1271 (10th Cir. 2001). Petitioner's motions for judicial review do not qualify as part of the "direct review" process and had no effect on the finality of Petitioner's conviction.

Although Petitioner mentions equitable tolling in response to the motion to dismiss, he fails to identify a factual basis for an award of equitable tolling. <u>See</u> Dkt. # 13. It is well established that the statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. <u>See</u> <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998); <u>see also</u> <u>Gibson v. Klinger</u>, 232 F.3d 799, 808 (10th Cir. 2000). However, to be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," <u>Yang v. Archuleta</u>, 525 F.3d 925, 928 (10th Cir.2008) (quoting <u>Lawrence v. Florida</u>, 549 U.S. 327, 127 S. Ct. 1079, 1085 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support

7

his claim of extraordinary circumstances and due diligence.'" <u>Id.</u> (quoting <u>Brown v. Barrow</u>, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. <u>Gibson</u>, 232 F.3d at 808.  As a result, Petitioner is not entitled to equitable tolling.

## *CONCLUSION*

The Court concludes that this petition is untimely. Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations shall be granted.  The petition for writ of habeas corpus shall be dismissed with prejudice.

## **Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing."  A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings.  <u>Slack v. McDaniel</u>, 529 U.S. 473 (2000) (citing <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue.  Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations were debatable or incorrect.  The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1.     Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 9) is **granted**.

2.     The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3.     A separate Judgment shall be entered in this case.

4.     A certificate of appealability is **denied**.

DATED THIS 27th  day of January, 2012.


Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

9